UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERHANU JACOB,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION,<br><br>        Defendant. | No. 2:18-cv-2602-MCE-EFB PS<br><br><br>ORDER |

Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[1] His declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2). *See* ECF No. 2. Accordingly, the request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a).

Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines that the allegation of poverty is untrue, or that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. As discussed below, plaintiff's complaint must be dismissed for failure to state a claim.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); see also Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Plaintiff brings this action against United States Department of Education ("DOE") challenging a decision denying his application to discharge his federal student loans. ECF No. 1. The complaint alleges that in 2012 plaintiff graduated from WyoTech College, which is located in West Sacramento, California and operated by Corinthian College, Inc. ("Corinthian"). *Id*. at 5. An email attached to the complaint indicates that plaintiff subsequently filed an application to discharge federal student loans he took out while enrolled at WyoTech College. *Id*. at 7-8. The DOE denied plaintiff's application based on a finding that plaintiff was not initially enrolled in a covered program during an eligible time period. *Id*. Liberally construed, the complaint alleges the DOE wrongly concluded that plaintiff does not qualify for a discharge of his student loans.
/////

2

*Id*. at 5-6 (alleging "I qualify for my loan to be discharged" and requesting plaintiff's student loan in the amount of $10,897.20 be discharged).

However, the complaint's allegations are insufficient to state a claim upon which relief may be granted. As a threshold matter, plaintiff does not identify the statutory basis for his challenge to the DOE's decision.[2] But more fundamentally, plaintiff's allegations, considered in conjunction with the attached email from the DOE, fail to demonstrate that his application was wrongly denied. The email from the DOE states that at various times between 2010 and 2014, schools operated by Corinthian published misleading information related to job placement rates for their programs. *Id*. at 8. It further provides that students "who first enrolled in certain programs during covered time periods have borrower defense claims and are eligible for a discharge of all or part of their loans under the Department's Borrower Defense regulation." *Id*. But plaintiff does not allege that the DOE determined that the WyoTech had published misleading job placement information about the specific program he completed. Nor does he allege that he *initially* enrolled at WyoTech during one of the eligible time periods specified by the DOE. Instead, he simply alleges he is qualified to discharge his loans since he graduated in 2012, without specifying when he first enrolled at WyoTech.[3]

/////

---

[2] Plaintiff's limited allegations suggest he might be seeking relief under the Administrative Procedure Act, which "permits a citizen suit against an agency when an individual has suffered 'a legal wrong because of agency action' or has been 'adversely affected or aggrieved by agency action within the meaning of a relevant statute.'" *Rattlesnake Coalition v. U.S. Environmental Protection Agency*, 509 F.3d 1095, 1103 (9th Cir. 2007) (quoting 5 U.S.C. § 702). But it is not clear from the complaint whether plaintiff seek relief under this act or another statute.

[3] The DOE's email provides a website address identifying covered programs and eligible time periods. ECF No. 1 at 8. The website identifies five programs at WyoTech's West Sacramento campus that are eligible for loan forgiveness. It also provides that eligibility requires a student initially enroll in one of these programs July 1, 2010 through September 30, 2014. *See* https://studentaid.gov/sites/default/files/ev-wy-findings.pdf; *see also* Fed. R. Evid. 201 (courts may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned). Even when considering this information, it remains unclear whether plaintiff's application was wrongly denied since he does not identify the program he completed, nor the date he first enrolled at WyoTech's West Sacramento Campus.

3

1 | Accordingly, plaintiff's complaint must be dismissed. Plaintiff will be granted leave to
2 | file an amended complaint. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)
3 | (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in
4 | their complaints). Any amended complaint must allege a cognizable legal theory and state
5 | sufficient facts in support of that cognizable legal theory. Thus, should plaintiff choose to file an
6 | amended complaint, it shall clearly set forth the allegations that support each claim for relief.
7 | It shall also set forth plaintiff's claims in "numbered paragraphs, each limited as far as practicable
8 | to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall
9 | be in double-spaced text on paper that bears line numbers in the left margin, as required by
10 | Eastern District of California Local Rules 130(b) and 130(c). Any amended complaint shall also
11 | use clear headings to delineate each claim alleged and against which defendant or defendants the
12 | claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim
13 | under each header.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. *See* E.D. Cal. L.R. 110.

Accordingly, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis* (ECF No. 2) is granted.

2. Plaintiff's complaint is dismissed with leave to amend, as provided herein.

/////

4

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint." Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED: March 19, 2020.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE